**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA GOODEN,** | ) | **CASE NO. 1:12CV02918** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MAGISTRATE JUDGE GREG WHITE** |
| **v.** | ) | |
| | ) | |
| **CITY OF BRUNSWICK,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | **ORDER** |

This matter is before the Court for consideration of Plaintiff Joshua Gooden's Motion for Voluntary Dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  (Doc. No. 31.) For the following reasons, Plaintiff's Motion is GRANTED.

## I.  Procedural Background

On October 19, 2012, Plaintiff Joshua Gooden ("Gooden") filed a Complaint in the Court of Common Pleas of Medina County, Ohio, against the City of Brunswick; Brunswick Police Chief Carl DeForest; Brunswick Police Officers Brian Mummert, James Keaveney, Robert Casenhiser, and Steve Hoover; and, Charlene Gooden.[1]  (Doc. No. 1-1.)  The Complaint set forth claims under 42 U.S.C. § 1983 for violation of Gooden's rights under the Fourth, Fifth, and Fourteenth Amendments, as well as for failure to train and supervise.  In addition, the Complaint asserted state law claims for malicious prosecution, false arrest, false imprisonment, abuse of process, and defamation and slander.  (Doc. No. 1-1.)  On November 26, 2012, Defendants City of Brunswick, DeForest, Mummert, Keaveney, Casenhiser and Hoover (hereinafter "the City of

---

[1] The parties stipulated to the dismissal of Defendants Keaveney and Casenhiser on September 26, 2013.  (Doc. No. 19.)

Brunswick Defendants") removed Plaintiff's action to this Court.  (Doc. No. 1.)  These Defendants thereafter filed an Answer on January 4, 2013.  (Doc. No. 4.)

Defendant Charlene Gooden filed two Answers in state court, on November 16, 2012 and November 30, 2012, which simply stated "I am not guilty."  (Doc. Nos. 5-2, 5-3.)  After the case was removed, Ms. Gooden filed an Answer in this Court, in which she again stated "I am not guilty."  (Doc. No. 12.)  On June 7, 2013, this Court appointed *pro bono* counsel for Ms. Gooden.  (Doc. No. 14.)  Thereafter, and with leave of Court, Ms. Gooden filed an Amended Answer through counsel.  (Doc. No. 17.)  Neither Ms. Gooden nor the City of Brunswick Defendants asserted any counter claims or cross claims.

On April 23, 2013, the Court conducted a Case Management Conference, at which certain discovery and dispositive motion deadlines were set.  (Doc. No. 13.)  At the Brunswick Defendants' request, the Court ordered that "[d]iscovery necessary for the City of Brunswick Defendants to file a dispositive motion on the basis of qualified immunity shall be completed on or before June 28, 2013."  (Doc. No. 13 at 2.)  The Court further ordered that "[a]fter the Court rules on any such dispositive motion, the Court will allow further discovery if needed."  (Doc. No. 13 at 2.)  At that time, the Court also set a dispositive motions deadline of July 31, 2013.  (Doc. No. 13 at 2.)  The dispositive motion deadline was later extended to September 30, 2013.  (Doc. No. 18.)

On September 30, 2013, Defendants Mummert, Hoover and DeForest filed a "Motion for Summary Judgment Based Upon Qualified Immunity."  (Doc. No. 20.)  Plaintiff filed a Brief in Opposition on October 30, 2013 (Doc. No. 21); and the moving Defendants replied on November 13, 2013.  (Doc. No. 23.)

On April 8, 2014, the Court granted summary judgment in favor of Defendants Hoover, Mummert, and DeForest in their individual capacities only with respect to the following claims: (1) Plaintiff's § 1983 claims for false arrest/false imprisonment; malicious prosecution; equal protection; supervisory liability; due process, invasion of privacy; and "residual rights;" and, (2) Plaintiff's state law claims for malicious prosecution; false arrest; false imprisonment; and, abuse of process.  (Doc. No. 28.)  The Opinion & Order also specified that the following claims

remained pending: (1) Plaintiff's official capacity claims against the moving Defendants; (2) any claims asserted against the Defendant City of Brunswick; and, (3) Plaintiff's claims against Defendant Charlene Gooden.  (Doc. No. 28 at 35.)

On June 12, 2014, Plaintiff filed a Motion for Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(2).  (Doc. No. 31.)  Defendants City of Brunswick, Carl DeForest, Brian Mummert, and Steve Hoover filed a Response the next day (Doc. No. 32), in which they requested Plaintiff's remaining claims against them be dismissed *with prejudice* in light of the Court's previous Memorandum of Opinion & Order granting summary judgment in favor of Defendants DeForest, Mummert, and Hoover in their individual capacities.  (Doc. No. 28.)  In the alternative, these Defendants requested that, if Plaintiff's claims are dismissed without prejudice, the Order should specify that Plaintiff will be required pursuant to Fed. R. Civ. P. 41(d) to pay the costs of the instant action should he refile the same claims against them.  Defendant Gooden also requested that the Court impose a similar condition should Plaintiff refile the same claims against her.

## II. Legal Standard

Federal Rule of Civil Procedure 41 provides, in pertinent part, as follows:

(**a**) **Voluntary Dismissal.**

**(1) By the Plaintiff**.

(A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

**(2) By Court Order; Effect**. **Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper**. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

\* \* \*

**(d) Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41 (emphasis added). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." *Bridgeport Music Inc. v. Universal-MCA Music Pub., Inc*., 583 F.3d 948, 953 (6th Cir. 2009).

Courts have considerable discretion to grant or deny motions made pursuant to Rule 41(a)(2).  As the Sixth Circuit has observed:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court.  The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.
>
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *accord Jones v. Western Reserve Transit Auth.*, 455 Fed. Appx. 640 (6th Cir. 2012);  *Mykolaitis v. Howes*, 2011 WL 3624949 at \* 25-26 (E.D. Mich. June 28, 2011); *B & J Mfg. Co. v. D.A. Frost Industries, Inc*., 106 F.R.D. 351, 352 (N.D. Ohio 1985) (What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm "manifestly prejudicial to the defendant.") (*quoting Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119-20 (N.D. Ga. 1980)).  Generally, the prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss.  *See, e.g., Wakefield v. Children's Hosp., Inc.*, 2009 WL 588021 at \* 1 (S.D. Ohio Mar. 6, 2009) (citations omitted).  Courts have also rejected the argument that the effort and expense involved in defending a

4

lawsuit is sufficient.  *Id.*  (*citing B & J Mfg.*, 106 F.R.D. at 352).  Finally, the Sixth Circuit has noted that "[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport*, 583 F.3d at 954 (citing *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 685 (7th Cir.1998) and *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir.1986).)

### III.  Discussion

In his Motion for Voluntary Dismissal, Plaintiff requests his remaining claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) because "Plaintiff's lead counsel has taken a position which prevents his continuation in private practice and Plaintiff has determined an intention to reevaluate pursuit of his claims." (Doc. No. 31.)

The City of Brunswick Defendants argue the Court should grant dismissal *with prejudice* because "it is clear that the summary judgment previously granted to the Brunswick Defendants in their individual capacities should also apply to claims against them in their official capacities and claims against Defendant City of Brunswick." (Doc. No. 32 at 1-2.)  Defendants provide no further discussion of this issue, nor do they provide any other arguments in support of dismissal with prejudice.  Defendant Gooden has not filed a formal response to Plaintiff's Motion.

Plaintiff's request for dismissal without prejudice is granted.  The City of Brunswick Defendants have not argued they will suffer plain legal prejudice if the remaining claims against them are dismissed without prejudice.  The Court recognizes that some discovery has already been conducted in this matter and that Defendants DeForest, Mummert and Hoover moved for (and were granted) summary judgment with respect to the individual capacity claims against them.  However, the City of Brunswick Defendants have not argued that they would suffer plain legal prejudice because of the time and effort they have expended thus far in this matter, nor have they argued prejudice on the basis of excessive delay or lack of diligence on the part of Plaintiff.

Rather, the City of Brunswick Defendants argue Plaintiff's remaining claims against them should be dismissed with prejudice because they are without merit in light of the Court's

April 8, 2014 decision granting summary judgment to Defendants DeForest, Mummert and Hoover with respect to Plaintiff's individual capacity § 1983 and state law claims.  (Doc. No. 28.)  As the City of Brunswick Defendants correctly note, the Court's decision was based, in part, on a finding that no constitutional violation occurred.  (Doc. No. 28 at 28.)  However, these Defendants cite no authority for the proposition that this is a proper basis for dismissing Plaintiff's remaining claims with prejudice under Fed. R. Civ. P. 41(a)(2).  Although the Court's finding on this issue certainly makes it more likely that the City of Brunswick Defendants would eventually be granted summary judgment on Plaintiff's municipal liability and official capacity claims, the fact remains that discovery has not been completed and the City has not yet filed a dispositive motion with respect to these claims.  Indeed, Plaintiff asserts the City refused to permit discovery on these claims on the basis that it was premature in light of the fact that the Court's scheduling order "instructed the parties to conduct discovery necessary to address the issue of qualified immunity at this stage of the proceedings." (Doc. No. 21-8.)  Accordingly, the Court finds this argument to be without merit.[3]

Defendant Gooden also fails to raise any argument that she would suffer plain legal prejudice from a dismissal without prejudice based on any of the factors set forth above.  Indeed, aside from filing an Answer, it does not appear Ms. Gooden has yet been required to expend a significant amount of time and effort litigating the instant matter.  There is no indication on the docket that she has been deposed, or that she has taken any depositions in this case.  Moreover,

---

[3] Although not cited by Defendants, the Court notes the Sixth Circuit has found that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover*, 33 F.3d at 719.  However, cases in which this principle has been applied have generally involved situations where defendant has filed a dispositive motion; the court has not yet ruled; and, the plaintiff preemptively moves for voluntary dismissal without prejudice. *See e.g. Grover*, 33 F.3d at 718-719.  That is not the case here, for the reasons discussed above.  Moreover, this is not a situation where dismissal without prejudice would "result[] in stripping a defendant of a legal defense." *Rosenthal v. Bridgestone/Firestone*, Inc., 217 Fed. Appx. 498, 500 (6th Cir. 2007).  The City of Brunswick Defendants do not argue that dismissal without prejudice would deprive them of the opportunity to rely on this Court's previous finding of no constitutional violation, should Plaintiff refile his federal claims against them.

she has not filed a dispositive motion or been forced to defend against one.  Further, as she was not implicated by Defendant DeForest, Mummert, and Hoover's Motion for Summary Judgment, Defendant Gooden did not file a brief in opposition or otherwise respond to that motion.

Accordingly, and for all the reasons set forth above, the Court finds dismissal without prejudice is appropriate with respect to Plaintiff's remaining claims.

The City of Brunswick Defendants and Defendant Gooden argue that, should dismissal without prejudice be granted, the Court should impose the condition pursuant to Rule 41(d) that, if Plaintiff refiles any of the same claims against them, he be required to pay the costs the previous (i.e. the instant) action.  As noted above, Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action."  Fed. R. Civ. P. 41(d).

The Court will not impose the condition that Plaintiff will automatically be required to pay the costs of the instant action should he refile the same claims against Defendants. Defendants do not present any specific reasons why this condition should be imposed at this time.  Should Plaintiff refile the same claims against them, Defendants may, at that time, ask the court in which the claims are filed to order Plaintiff to pay costs of the instant action.

### IV. Conclusion

Accordingly, and for all the reasons set forth above, the Court grants Plaintiff's Motion for Voluntary Dismissal (Doc. No. 31) *without prejudice* with respect to the remaining claims in this action; i.e.,  Plaintiff's official capacity claims against the moving Defendants; any claims asserted against the Defendant City of Brunswick; and, Plaintiff's claims against Defendant Charlene Gooden.  Each party shall bear their own costs.

IT IS SO ORDERED.


 s/ Greg White
United States Magistrate Judge

Date:   June 23, 2014